IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

MIKE MORAN,

    Plaintiff,

vs.

Case No.: 10-005280-05

CENTURY SURETY COMPANY,

    Defendant.
_____/

## DEFENDANT, CENTURY SURETY COMPANY'S ANSWER AND DEFENSES

COMES NOW the Defendant, CENTURY SURETY COMPANY ("Century"), by and through its undersigned counsel, and hereby files its Answer and Defenses to Plaintiff's Complaint as follows:

1. Admitted for jurisdictional purposes. Denied that Plaintiff is entitled to recover any damages from Century.
2. Without knowledge.
3. Admitted for jurisdictional purposes only.
4. Admitted. The terms of the policy speak for themselves.
5. Admitted. The terms of the policy speak for themselves.
6. Admitted.
7. Denied.
8. Denied.

### COUNT I - BREACH OF CONTRACT AGAINST DEFENDANT

9. Admitted.

EXHIBIT A

1

10. Admitted that Century has refused to pay Plaintiff's damages because they are not covered under the subject insurance policy.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

## COMPLAINT FOR DECLARATORY RELIEF

15. Admitted for jurisdictional purposes only.

16. Denied.

17. Denied (including all subparts A - K).

## AFFIRMATIVE DEFENSES

Further answering the Complaint, Century states the following with respect to its separate, additional and affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action.

## SECOND AFFIRMATIVE DEFENSE

Coverage does not exist because the alleged damage was not caused by a covered cause of loss.

## THIRD AFFIRMATIVE DEFENSE

Coverage does not exist because the alleged damage was caused by rain leaking through an opening of the roof which did not first result from a covered cause of loss. CP 1030 (04/02).

2

## FOURTH AFFIRMATIVE DEFENSE

Coverage does not exist because the alleged damage resulted from the faulty, inadequate and/or defective workmanship, construction and/or renovation of a roofing contractor. CP 1030 (04/02).

## FIFTH AFFIRMATIVE DEFENSE

Coverage does not exist to the extent the alleged damage resulted from windstorm, or rain that would not have occurred but for windstorm. CCF 1507 (05/06).

## SIXTH AFFIRMATIVE DEFENSE

Coverage does not exist for damage to personal property in the open caused by rain. CP 1030 (04/02).

## SEVENTH AFFIRMATIVE DEFENSE

Coverage does not exist for damage resulting from neglect of the insured to use all reasonable means to save and preserve property from further damage. CP 1030 (04/02).

## EIGHTH AFFIRMATIVE DEFENSE

Coverage does not exist for the portion of the alleged damage and loss attributable to wear and tear. CP 1030 (04/02), Exclusion (B)(2).

## NINTH AFFIRMATIVE DEFENSE

Coverage does not exist for damage to property in which the Plaintiff has no financial interest. CP 0010 (04/02), Section (E)(4)(d).

## TENTH AFFIRMATIVE DEFENSE

Coverage may be limited or excluded based on Plaintiff's failure to submit the requisite sworn proof of loss and/or failure to cooperate in the investigation or settlement of the claim. CP 0010 (04/02), Section (E).

### ELEVENTH AFFIRMATIVE DEFENSE

Coverage does not exist for business income and expenses incurred after the period of restoration. CP 0030 (04/02), Section (A)(1).

### TWELFTH AFFIRMATIVE DEFENSE

The policy does not cover "any other consequential loss." CP 1030 (04/02), Section (B)(6).

### THIRTEENTH AFFIRMATIVE DEFENSE

If it is determined that coverage exists for some or all of the claims asserted herein, the amount of any covered damage or loss must be calculated according to the terms and conditions of the policy, and limited to the policy limit.

### FOURTEENTH AFFIRMATIVE DEFENSE

If it is determined that coverage exists for some or all of the claims asserted herein, Century reserves the right to demand the submission of any valuation disagreements to an umpire in accordance with the process outlined in CP 0010 (04/02), Section (E)(2).

### CONCLUSION

Century reserves the right to amend its defenses as additional information is discovered about the nature and basis of the Plaintiff's claim, since the Complaint itself is vague and fails to state with sufficient particularity the basis on which the Plaintiff seeks coverage, the type of alleged damages and loss that Century has allegedly failed to pay, the policy provisions supporting his claim for coverage, and the provisions of the policy that Century has allegedly breached.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was forwarded via: U.S. Mail, Email, and/or Facsimile to: Colleen A. Brannelly, Esquire, Richard B. Doyle, Jr., Esquire, Loughren & Doyle, P.A., 560 SE 8th Street, Ft. Lauderdale, FL 33316 on March 8, 2010.

BUCKLEY & CURTIS, P.A.

BY: _____
MICHAEL B. BUCKLEY
FBN 365734
LAUREN S. CURTIS
FBN 150940
240 1st Avenue South, Suite 200
St. Petersburg, FL 33701
Ofc: 727- 822-4800
Fax: 727-822-4855
mbuckley@buckleyandcurtis.com
lcurtis@buckleyandcurtis.com
Attorneys for Century Surety Company